IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 14, 2008

Charles R. Fulbruge III
Clerk

No. 08-60045
Summary Calendar

TRACY LEE BOYD

Plaintiff-Appellant

V.

GEORGIA PACIFIC CORPORATION

Defendant-Appellee

Appeal from the United States District Court for the
Southern District of Mississippi
USDC No. 2:06-cv-253

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In this appeal, Plaintiff-Appellant Tracy Lee Boyd ("Boyd") argues the district court erred in granting summary judgment on his premises liability

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

action against Georgia Pacific Corporation ("GP"). For the reasons below, we affirm.

I.

On July 19, 2003, the date of the accident, Boyd was a painter employed by an independent contractor Graves Services. Pursuant to a contract between Graves Services and GP, Boyd was at the GP facility in Taylorsville, Mississippi to pressure wash, sandblast, and paint an elevated loading rack. After pressure washing the loading rack, Boyd began drying the upper level of the rack with an air hose. While drying the loading rack, Boyd walked backwards through an open access gate and fell approximately thirteen feet to the ground below and was injured.

Boyd had more than twenty-five years of experience in the painting and sandblasting field, which frequently required him to work in elevated locations including areas such as the loading rack in question. Boyd admitted that when the accident happened he had been working on the loading rack for approximately five hours and that he was aware of the access gate.

II.

We "review a district court's summary judgment ruling de novo, applying the same standard as the district court." Nationwide Mut. Ins. Co. v. Lake Caroline, Inc., 515 F.3d 414, 418 (5th Cir. 2008). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322–24 (1986). When granting summary judgment, a court must view "the facts in the light most favorable to the non-movant." Pratt v. City of Houston, Tex., 247 F.3d 601, 606 (5th Cir. 2001) (citing Walker v. Thompson, 214 F.3d 615, 624 (5th Cir.2000)).

III.

Under Mississippi law, a premises owner or occupier has a duty to a business invitee to "exercise reasonable or ordinary care to keep the premises in a reasonably safe condition." Jones v. James Reeves Contractor, Inc., 701 So. 2d 774, 782 (Miss. 1997) (citing Jackson Ready Mix Concrete v. Sexton, 235 So. 2d 267, 270 (Miss. 1970)). The premises owner or occupier, however, "is not liable for injuries which are not dangerous or which are, or should be known to the business invitee." Id.; see also Stokes v. Emerson Electric Co., 217 F.3d 353, 357 (5th Cir. 2000) ("dangerous conditions of which contractors had actual or constructive knowledge were deemed open and obvious to them and therefore could not provide a basis for recovery"). Additionally, the owner or occupier need not protect a business invitee "against risk arising from or intimately connected with defects of the premises, or of machinery or appliances located thereon, which the contractor has undertaken to repair." Id. (quoting Jackson Ready Mix, 235 So. 2d at 271). Generally, if the contractor has control over the work being performed and the work area where that work is being done, the owner has no liability. The key question is whether the owner or occupier "maintains any right of control over the performance of that aspect of work which gave rise to the injury." Id. (quoting Magee v. Transcontinental Gas Pipeline Corp., 551 So. 2d 182, 186 (Miss. 1989)).

We agree with the district court that Boyd did not demonstrate that GP contractually or de facto maintained a right of control over performance of that aspect of the work that gave rise to his injuries or the area where the work was done. There is no evidence that GP retained or exercised control over Boyd or Graves Services in the relevant pressure washing, drying, and painting of the loading rack. Additionally, Boyd testified that he had years of experience in similar work and in similarly elevated circumstances, that he had been working in close proximity to the gate in question for approximately five hours, and that

he was aware of the danger posed by the site and its attendant surroundings. Boyd knew that the gate was there and the danger it posed. According to his admissions, he backed through the gate while focusing on the ground. Thus, essentially for the reasons assigned by the district court, we affirm the district court judgment.

AFFIRMED.